Christopher Ho, State Bar No. 129845
Lori Rifkin, State Bar No. 244081
Silas Shawver, State Bar No. 241532
The LEGAL AID SOCIETY --
    EMPLOYMENT LAW CENTER
600 Harrison Street, Suite 120
San Francisco, CA 94107
Telephone:   (415) 864-8848
Facsimile:   (415) 864-8199
Emails:    cho@las-elc.org
          lrifkin@las-elc.org
          sshawver@las-elc.org

Attorneys for Plaintiff

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SUSANA MACÍAS,

    Plaintiff,

    v.

EXCEL BUILDING SERVICES LLC,

    Defendant.

Case No.

CV10 4152

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

DEMAND FOR JURY TRIAL

## INTRODUCTION

1.   This is an action for relief from Defendant's violation of Plaintiff's civil rights, including discrimination and wrongful termination on the basis of sex and pregnancy, violation of federal and state family leave laws, and violation of federal and state wage and hour laws.

2.   Plaintiff Susana Macías worked for Defendant Excel Building Services ("Excel") for more than five years, first as a janitor assigned to the Ikea store in Emeryville, California, and then as both a janitor and janitorial supervisor at the same Ikea store.  Yet, on or about March

Complaint for Damages and Declaratory and Injunctive Relief

1

31, 2010, Excel fired Ms. Macías when she tried to return to work following legally-protected pregnancy-related leave, leaving her without a job or income shortly after giving birth.

3.     Not only did Excel violate federal and state laws regarding pregnancy-related leave by refusing to reinstate Plaintiff to her job, but it also discriminated against her on the basis of sex because it based her termination on an impermissible sex stereotype:  When Ms. Macías was terminated, Excel's Human Resources Manager specifically told her that "women do not work as well after having a baby," or words to that effect.  Excel replaced Ms. Macías with a new male supervisor, as well as two additional janitors.

4.     In addition to firing Ms. Macías for discriminatory and unlawful reasons, Excel refused her requests for reasonable pregnancy-related accommodations prior to her leave, exposing her to substantial health risks during her pregnancy.

5.     Excel also failed to pay Ms. Macías in accordance with the law, failing to pay her overtime and double-time pay for approximately two and a half years, and failing to provide her with legally mandated meal and rest periods for approximately two years.

**JURISDICTION**

6.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.

7.     This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the California Fair Employment and Housing Act (FEHA) and the California Labor Code form part of the same case or controversy under Article III of the United States Constitution.  Plaintiff's state law claims share all common operative facts with her federal law claims, and the parties are identical.  Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

**VENUE**

8.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant Excel Building Services is located in this District, and the events giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

9.  Plaintiff SUSANA MACÍAS is a female former employee of Excel Building Services who became pregnant in 2009 and gave birth on February 9, 2010. She was employed by Excel Building Services, first as a janitor and subsequently as a janitor and janitorial supervisor, from approximately December 2004 until March 31, 2010, when she was terminated after repeatedly attempting to return to work from pregnancy-related leave. At all times during her employment with Excel, Plaintiff MACÍAS was assigned to work at the Ikea store located at 4400 Shellmound Street, Emeryville, CA 94608.

10.  Plaintiff MACÍAS is an eligible employee within the meaning of the FMLA and FEHA in that she was employed by Excel Building Services for at least twelve months prior to the time she requested pregnancy-related leave and had worked more than 1,250 hours during the twelve month period prior to her request for leave.

11.  Defendant EXCEL BUILDING SERVICES LLC ("Excel") is a corporation headquartered in Pleasanton, California, that provides janitorial services to clients in California and nationwide, including Ikea. Plaintiff is informed and believes that EXCEL is a corporation organized and existing under the laws of the State of California. EXCEL is an employer covered by the FMLA and FEHA in that it employs, and at all times relevant employed, more than fifty employees within a 75-mile radius of Plaintiff's worksite.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

12.  Plaintiff has exhausted her administrative remedies. She filed administrative charges of discrimination, wrongful termination, violation of leave laws, retaliation, and failure to accommodate against Excel Building Services with the U.S. Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH).

13.     Plaintiff received amended right to sue notices from the DFEH on September 15, 2010, and the EEOC on September 15, 2010.

**STATEMENT OF FACTS**

14.     Defendant Excel hired Ms. Macías as a janitor in or around December 2004 and continued to employ her until March 31, 2010, when Excel terminated Ms. Macías after she took pregnancy-related leave.  Excel assigned Ms. Macías to work at the Ikea store located in Emeryville, California for the duration of her employment with Excel.

15.     As a janitor, Ms. Macías's work duties included, *inter alia*, sweeping, mopping floors and scrubbing surfaces, cleaning bathrooms, and taking out trash.

16.     From her hire date until approximately November 2007, Excel paid Ms. Macías on an hourly basis.

17.     In or around November 2007, Excel switched Ms. Macías from hourly pay to salary pay.  Ms. Macías was told by managers that the salary pay was better for her.  Her job duties did not change when this switch was made.  However, after the switch to salary pay, Excel did not pay Ms. Macías overtime or double-time premium wages, or any extra wages at all, for work performed in excess of eight hours in one day and/or in excess of forty hours in one week.

18.     In or around March 2008, Excel promoted Ms. Macías to a supervisor position.  But in this position, Ms. Macías was still required to perform the same type of regular janitorial work that she had previously performed, including sweeping, mopping floors, cleaning bathrooms, and her other duties.  Ms. Macías regularly spent approximately eight and a half hours per day performing this regular janitorial work.

19.     After completing the above janitorial duties, Ms. Macías would then perform her supervisory duties, which generally took her an additional three to four hours to complete. These duties included ordering supplies, answering questions for applicants completing job applications and physically receiving applications, collecting and submitting employee time cards, filling out paperwork, and completing quality control checks.

20.     Despite having the title of "supervisor," Ms. Macías had no input into the hiring

process, nor did she have responsibility for hiring or firing employees, or increasing the number of staff allotted to the store.

21. After her promotion to supervisor, Excel continued to pay Ms. Macías on a salary basis, and continued to fail to pay her overtime or double-time wages for hours that she worked in excess of eight hours in one day and/or in excess of forty hours in one week.

22. Ms. Macías is informed and believes that, unlike herself, the other janitorial supervisors employed by Excel at the Ikea location were paid on an hourly basis.

23. Although after her promotion to supervisor, Ms. Macías routinely worked twelve or more hours per day and more than forty hours per week, and sometimes seven days per week, Excel failed to pay her overtime or double-time wages through her termination in March 2010.

24. After her promotion to supervisor in or around March 2008 through January 2010, when she took pregnancy leave, Excel also failed to provide Ms. Macías with meal or rest periods.

25. In or around May 2009, Ms. Macías became pregnant. Excel became aware of Ms. Macías's pregnancy by approximately August 2009 because Ms. Macías was hospitalized for medical reasons relating to her pregnancy and informed her supervisor, Mr. Ramos.

26. In or around August 2009, Ms. Macías was hospitalized for complications related to her pregnancy. Her doctor advised her to take a three-week leave of absence from work for recovery. However, when Ms. Macías called her supervisor, Mr. Ramos, to inform him of her need for leave, a reasonable accommodation to her pregnancy as well as a leave guaranteed under state and federal laws. In response, Mr. Ramos told her that doctors exaggerate and that she was needed at work because nobody could cover for her. Mr. Ramos did not inform Ms. Macías of her legal right to leave under federal or state laws, or otherwise engage in an interactive accommodation process. Ms. Macías believed that if she took leave for three weeks she risked being terminated. As a result, Ms. Macías returned to work after only five days.

27. When Ms. Macías returned to work, she informed Mr. Ramos that her doctor had documented written restrictions related to her pregnancy, including a five-pound lifting

restriction and extra breaks.  However, Mr. Ramos refused to review the doctor's written instructions, or to engage in an interactive process, or to accommodate Ms. Macías.

28.    During the last trimester of her pregnancy, Ms. Macias requested that certain tasks be temporarily reassigned to other workers as a reasonable accommodation, including tasks requiring exposure to strong and hazardous chemicals, and tasks requiring strenuous physical labor on her knees and in crouched positions.  Excel senior managers informed her that Excel could not accommodate her.

29.    During the last trimester of her pregnancy, Ms. Macías spoke to Feliza Guerrero, Excel's Human Resources Manager, about her concerns and request for accommodations related to her pregnancy, including her request that certain tasks be temporarily reassigned to other workers.  Ms. Guerrero refused to provide the requested accommodation.

30.    During the last trimester of her pregnancy, Ms. Macías also spoke to both Mr. Ramos and Ms. Guerrero about her need for an accommodation such as job restructuring or a modified schedule in connection with preparation for the routine inspections of the store that took place on Mondays.  Preparation for these inspections required long periods of extra work, but Excel refused to assign more or different staff to assist with the preparation or otherwise accommodate Ms. Macías.  Although Ms. Macías did have discretion to assign staff to certain areas within the store, there were no staff available to her that she could reassign.

31.    In December 2009, an Ikea manager who observed Ms. Macías cleaning a bathroom expressed concern to Ms. Macías that this task, which involved the use of strong bleach, could be hazardous to Ms. Macías, given her pregnancy.  Subsequently, Mr. Ramos advised Ms. Macías that she should clean the store bathroom late at night when she was less likely to be noticed.

32.    Ms. Macías is informed and believes that Excel has a workforce of more than 1500 employees, and that Excel employees are assigned to a multitude of locations in close proximity to the Ikea store where she was assigned to work.  Ms. Macías is also informed and believes that when she was terminated, Excel replaced her with two additional janitors as well as a new

supervisor.

33.     On December 29, 2009, Ms. Macías met with Ms. Guerrero to request pregnancy-related and bonding leave.  Ms. Macías requested leave to begin at the end of January 2010, and to return part-time in March 2010, and full-time in May 2010.  Ms. Macías and Ms. Guerrero completed and signed written paperwork that reflects Excel's agreement that Ms. Macías's leave was scheduled to begin on January 31, 2010, that she would return part-time on March 15, 2010 at fifty percent salary, and would resume full-time work on May 2, 2010.

34.     On January 31, 2010, Ms. Macías began her pregnancy leave.  She gave birth on February 9, 2010.

35.     On or around March 12, 2010, Ms. Macías called Ms. Guerrero and left a message to confirm that she would be returning to work as scheduled.  Ms. Guerrero then called Ms. Macías and informed her that she needed to go to the Excel office in Pleasanton to meet with Jack Fabrique, head of the company, before she could return to work.

36.     Excel, through Ms. Guerrero, rescheduled the date for Ms. Macías's meeting with Mr. Fabrique several times over the next two weeks, and refused to allow her to return to work on March 15, 2010, the date previously agreed upon in writing by Excel and Ms. Macías.

37.     Finally, on March 31, 2010, Ms. Macías met with Mr. Fabrique, Ms. Guerrero, and Mr. Ramos.  Ms. Guerrero interpreted for Ms. Macías, who is a mono-lingual Spanish speaker.

38.     During this meeting, Mr. Fabrique informed Ms. Macías that there was no more work for her and that her employment was being terminated.

39.     During the same meeting, Ms. Guerrero told Ms. Macías that "women do not work as well after having a baby," or words to that effect.

40.     Mr. Fabrique and Ms. Guerrero thereupon presented Ms. Macías with papers written in English that they said represented an agreement that Excel would pay Ms. Macías approximately $2,000, and, in exchange, she would waive her right to file any type of lawsuit, including sexual harassment or discrimination, against Excel.  Ms. Macías does not read English, and requested to take a copy of the papers with her so that she could have someone

1    help her read them.  Excel refused.  Ms. Macías did not sign the papers or accept the money.

2          41.    Ms. Macías is informed and believes that Excel replaced her with a male supervisor,

3    the brother of Excel's Chief of Operations at the Emeryville Ikea, Jaime Ramos.  She is

4    informed and believes that he works only as a supervisor and does not perform any janitorial

5    duties.

6          42.    Ms. Macías is also informed and believes that two additional janitors were hired to

7    cover the janitorial work she was previously performing.

8          43.    As a result of Excel's termination of her job when she attempted to return after

9    pregnancy-related leave, Ms. Macías lost her source of income, and experienced emotional and

10   physical distress, including emotional and physical distress that required her to seek treatment

11   from health care professionals.

12                                **RELIEF ALLEGATIONS**

13         44.    An actual controversy exists between Plaintiff and Defendant regarding their

14   respective rights and duties.  Plaintiff seeks a judicial declaration of the rights and duties of the

15   respective parties, including a declaration that Defendant's conduct violates Title VII, the

16   California Fair Employment and Housing Act, the Family and Medical Leave Act, the Fair

17   Labor Standards Act, the California Labor Code, and the California Business and Professions

18   Code.  Plaintiff is informed and believes, and thereon alleges, that Defendant denies that its

19   actions and/or failures to act were unlawful.  Declaratory relief is therefore necessary and

20   appropriate at this time so that Plaintiff can ascertain her rights.

21         45.    Plaintiff is a person who has suffered injury in fact and has lost money as a result of

22   Defendant's unlawful and unfair business practices and acts, and is therefore authorized to

23   pursue injunctive relief against Defendant that is necessary to prevent further unfair business

24   practices and acts.

25         46.    Defendant acted or failed to act as herein alleged with malice or reckless indifference

26   to the protected rights of Plaintiff, and Plaintiff is thus entitled to recover punitive damages in

27   an amount to be determined according to proof.

28

## FIRST CLAIM FOR RELIEF

*Unlawful Discrimination and Discharge on the Basis of Sex and Pregnancy in Violation of Title*

*VII*

47.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.    The foregoing conduct violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., which makes discrimination against employees on the basis of sex illegal. Discrimination "on the basis of sex" includes discrimination based on pregnancy, childbirth, and sex stereotyping.   42 U.S.C. §§ 2000e(k); *Price Waterhouse v. Hopkins*, 490 U.S. 228, 250-51 (1989).

49.    Defendant Excel discriminated against Plaintiff in violation of Title VII when it terminated her when she attempted to return to work after her pregnancy and bonding leave. Defendant Excel explicitly stated to Plaintiff that she was terminated for reasons relating to her sex, pregnancy, and childbirth, and these reasons also constitute illegal sex stereotyping in violation of Title VII.

50.    As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

51.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

52.    Plaintiff requests relief as described in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF

*Unlawful Discrimination and Discharge on the Basis of Sex and Pregnancy in Violation of the*

*California Fair Employment and Housing Act*

53.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 as

though fully set forth herein.

54.     The foregoing conduct violates the California Fair Employment and Housing Act, which makes it an unlawful employment practice for an employer to discharge or discriminate against an employee in the terms, conditions, and privileges of employment because of sex or pregnancy.  Cal. Gov't Code §§ 12940, 12945; 2 C.C.R. §§ 7290.6, 7291.5.

55.     Defendant Excel discriminated against Plaintiff in violation of FEHA when it terminated her when she attempted to return to work after her pregnancy and bonding leave. Defendant Excel explicitly stated to Plaintiff that she was terminated for reasons relating to her sex, pregnancy, and childbirth, and Defendant's reliance upon sex stereotyping to terminate Plaintiff's employment violates FEHA.  2 C.C.R. § 7290.7.

56.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

57.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

58.     Plaintiff requests relief as described in the Prayer for Relief below.

### THIRD CLAIM FOR RELIEF

*Failure to Reinstate in Violation of the Family and Medical Leave Act*

59.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 58 as though fully set forth herein.

60.     The Family and Medical Leave Act requires that covered employers grant eligible employees up to twelve weeks of leave during any twelve-month period because of the birth of a child.  29 U.S.C. § 2612(a).  The FMLA also requires that employers restore an employee who takes leave under the Act to the same or an equivalent position upon return from such leave.  29 U.S.C. § 2614(a); 29 C.F.R. § 825.214.

61.    Plaintiff requested leave in accordance with her statutory rights, and Defendant Excel agreed in writing that Plaintiff could take leave in two increments:  full-time leave beginning on January 31, 2010, and ending on March 14, 2010, and part-time leave commencing on March 15, 2010, and ending on May 1, 2010.  *See* 29 U.S.C. § 2612(b)(1).

62.    Defendant failed to reinstate Plaintiff on or after March 15, 2010 following her initial leave period, instead terminating her when she attempted to return to work.  Defendant Excel violated federal law when it failed to reinstate Plaintiff Macías.

63.    As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

64.    Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

65.    Plaintiff requests relief as described in the Prayer for Relief below.

### FOURTH CLAIM FOR RELIEF

*Failure to Reinstate in Violation of the California Fair Employment and Housing Act*

66.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.    California law requires that covered employers grant eligible employees up to four months of pregnancy disability leave and up to twelve weeks of leave because of the birth of a child.  Cal. Gov't Code §§ 12945, 12945.2.  California law also requires employers to reinstate employees to the same or comparable position following pregnancy-related leave, including pregnancy disability leave and bonding leave.  Cal. Gov't Code §§ 12945, 12945.2; 2 C.C.R. §§ 7291.9, 7297.2.

68.    Defendant Excel agreed in writing to Ms. Macías's pregnancy-related leave, to commence on January 31, 2010, and end on March 14, 2010, at which time she would be

1    reinstated to her position part-time, commencing full-time work on May 2, 2010.

2        69.    Defendant failed to reinstate Plaintiff on or after March 15, 2010 following her initial

3    leave period, instead terminating her when she attempted to return to work. Defendant Excel

4    violated California law when it failed to reinstate Plaintiff Macías after her leave.

5        70.    As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered

6    losses in compensation, earning capacity, humiliation, mental anguish, and emotional and

7    physical distress, and has been injured in mind and body. As a result of such discriminatory

8    actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at

9    trial.

10        71.    Defendant's unlawful actions were intentional, willful, malicious and/or done with

11    reckless disregard for Plaintiff's rights.

12        72.    Plaintiff requests relief as described in the Prayer for Relief below.

13                    **FIFTH CLAIM FOR RELIEF**

14    *Unlawful Interference with the Exercise of Right to Pregnancy-Related Leave in Violation of*

15                    *the Family and Medical Leave Act*

16        73.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 72 as

17    though fully set forth herein.

18        74.    Federal law prohibits employers from interfering with, restraining, or denying the

19    exercise of any right under the Family and Medical Leave Act, including the right to take

20    pregnancy-related leave. 29 U.S.C. § 2615(a)(1). Federal law also prohibits employers from

21    disciplining or discharging an employee because she has exercised her right to take FMLA

22    leave, or from using such leave as a negative factor in an employment decision. 29 C.F.R. §

23    824.220(c).

24        75.    Federal law also requires that employers provide notice to employees of their

25    eligibility to take FMLA leave within five days of the time the employer becomes aware that the

26    employee may need leave for FMLA-qualifying reason. Failure to follow the notice

27    requirements may constitute interference with, restraint, or denial of the exercise of an

28

employee's FMLA rights.  29 C.F.R. § 825.300

76.   In or around August 2009, Plaintiff experienced a pregnancy-related serious health condition and notified her employer of this condition.  Defendant Excel failed to provide notice to Plaintiff of her right to take leave under the FMLA and refused to allow Plaintiff to take leave for her serious health condition and thus interfered with, restrained, and/or denied the exercise of Plaintiff's FMLA rights.

77.   In or around March 2010, Defendant Excel discharged Plaintiff when she attempted to return to work following pregnancy-related leave and bonding leave.

78.   Defendant Excel cited Plaintiff's giving birth as a reason for her termination.

79.   Defendant's actions interfered with Plaintiff's exercise of her right to leave under the Family and Medical Leave Act, and, as such, constitute unlawful interference in violation of federal law.

80.   As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

81.   Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

82.   Plaintiff requests relief as described in the Prayer for Relief below.

<strong>SIXTH CLAIM FOR RELIEF</strong>

<em>Unlawful Retaliation Because of Pregnancy and/or Exercise of Right to Pregnancy-Related Leave in Violation of the California Fair Employment and Housing Act</em>

83.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 82 as though fully set forth herein.

84.   California law prohibits employers from retaliating, including discharging, punishing, or otherwise discriminating, against an employee because of her pregnancy and/or because she

has exercised her right to take pregnancy disability and/or bonding leave.  2 C.C.R. §§ 7291.14, 7297.7.

85.     Defendant Excel discharged Plaintiff after she took pregnancy-related leave, including pregnancy disability leave and bonding leave.

86.     Defendant Excel cited Plaintiff's giving birth as a reason for her termination.

87.     Defendant's actions were in retaliation for Plaintiff's pregnancy-related leave, and, as such, constitute unlawful retaliation in violation of California law.

88.     As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

89.     Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

90.     Plaintiff requests relief as described in the Prayer for Relief below.

### SEVENTH CLAIM FOR RELIF

*Failure to Allow Leave or Provide Accommodations in Violation of the Pregnancy Disability Leave Act*

91.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 90 as though fully set forth herein.

92.     California law requires that employers allow female employees disabled by pregnancy or related medical conditions to take a leave for a reasonable period of time not to exceed four months and to thereafter return to work, and that employers provide notice to their employees of the right to request pregnancy disability leave.  Cal. Gov't Code § 12945(a); 2 C.C. R. §§ 7291.8, 7291.16.

93.     California law also requires that employers provide reasonable accommodation for an employee for conditions related to pregnancy or temporarily transfer a pregnant employee to a

less strenuous or hazardous position for the duration of her pregnancy if that transfer can be reasonably accommodated. Cal. Gov't Code § 12945(b); 2 C.C.R. § 7291.5.

94. Defendant Excel failed to provide Plaintiff with notice of her right to take pregnancy disability leave in accordance with state law.

95. Even after Plaintiff specifically notified Defendant Excel of her need to take leave for medical conditions related to her pregnancy in or around August 2009, Defendant did not provide Plaintiff with notice of her right to take pregnancy disability leave in accordance with state law.

96. In or around August 2009, Defendant Excel did not allow Plaintiff to take pregnancy disability leave, and therefore violated California law.

97. Plaintiff requested reasonable accommodations during her pregnancy including but not limited to pregnancy disability leave, lifting restrictions, extra breaks, job restructuring such that she would not be required to work with harsh chemicals or perform strenuous manual labor, and/or a modified schedule in connection with preparation for inspections of the store that required long periods of extra work.

98. Defendant Excel failed to provide Plaintiff with reasonable accommodations in response to her requests, and therefore violated California law.

99. As a proximate result of Defendant's discriminatory actions, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

100. Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

101. Plaintiff requests relief as described in the Prayer for Relief below.

//

//

## EIGHTH CLAIM FOR RELIEF

*Promissory Estoppel*

102.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 101 as though fully set forth herein.

103.   Promissory estoppel is established where the following factors are present:  (1) a clear promise; (2) reliance on the promise; and (3) substantial detriment due to reliance.  Damages are measured by the extent of the obligation assumed and not performed.

104.   On December 29, 2009, Plaintiff met with Defendant Excel's Human Resources Manager, who provided a written agreement to Plaintiff granting Plaintiff pregnancy-related leave, and promising that Plaintiff could return to work following her leave on March 15, 2010 at half-time and half salary, and on May 2, 2010 at full-time and full salary.

105.   Plaintiff Macías relied upon Excel's representation to her that she would be reinstated to her job following leave.

106.   When Plaintiff attempted to return to work following her leave, Defendant Excel terminated her, leaving her without a job or income shortly after giving birth.

107.   As a proximate result of Defendant Excel's failure to perform according to the promises its agent made to Plaintiff, and her subsequent reliance on those promises, Plaintiff has suffered losses in compensation, earning capacity, humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discriminatory actions and consequent harm, Plaintiff has suffered such damages in an amount to be proved at trial.

108.   Defendant's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's rights.

109.   Plaintiff requests relief as described in the Prayer for Relief below.

## NINTH CLAIM FOR RELIEF

*Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act*

110.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 109 as

1    though fully set forth herein.

2        111.   Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff the applicable overtime

3    wage for every compensable hour of labor that she performed.

4        112.   Defendant's failure to pay Plaintiff the federally mandated overtime wages was a

5    willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

6        113.   As a consequence of Defendant's violation of the FLSA, Plaintiff is entitled to recover

7    her unpaid overtime wages, plus an additional amount in liquidated damages, costs of suit, and

8    reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b).

9                              **TENTH CLAIM FOR RELIEF**

10       *Failure to Pay Overtime Compensation and Other Wages Required by the California Labor*

11                                    *Code*

12       114.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 113 as

13   though fully set forth herein.

14       115.   At all relevant times, under common law principles and state law, Defendant acted as

15   Plaintiff's employer.  Defendant hired Plaintiff and exercised control over her wages, hours, and

16   working conditions.

17       116.   California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 5-2001 require

18   that employers in the public housekeeping industry pay employees, including Plaintiff,

19   additional compensation beyond their regular wages in amounts specified by law for all

20   overtime hours worked.

21       117.   At all times relevant herein, IWC Wage Order No. 5-2001 was applicable to Plaintiff.

22   *See* C.C.R. § 11050.

23       118.   Defendant violated California law by failing to pay Plaintiff the applicable wage for

24   every compensable hour of labor that she performed.  Defendant required Plaintiff to work

25   hours beyond the normal workday and workweek as defined by Labor Code § 510 without

26   legally adequate compensation, including overtime and double-time wages.

27       119.   Defendant failed to pay Plaintiff all wages she was owed upon termination as required

28

1  by Labor Code § 201.

2  120.  Defendant failed to provide Plaintiff accurate itemized wage statements as required by

3  Labor Code  § 226.

4  121.  Pursuant to Labor Code §§ 203 and 1194, Plaintiff is entitled to recover from

5  Defendant the unpaid balance of the full amount of wages she is owed, including overtime and

6  double-time wages, interest thereon, waiting time penalties, attorneys' fees, and the costs of

7  suit.

8  **ELEVENTH CLAIM FOR RELIEF**

9  *Failure to Provide Meal and Rest Periods*

10  122.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 121 as

11  though fully set forth herein.

12  123.  California law requires that employers provide employees in the public housekeeping

13  industry with meal and rest periods in accordance with the number of hours that they work.

14  Cal. Labor Code § 226.7; IWC Wage Order No. 5-2001.

15  124.  Beginning in or around March 2008 and continuing through her termination in March

16  2010, Defendant Excel failed to provide Plaintiff with meal and rest periods in accordance with

17  California law.

18  125.  Based on Defendant's conduct as alleged herein, Defendant is liable for penalties

19  pursuant to California Labor Code § 226.7 for every meal or rest period not provided to

20  Plaintiff.

21  **TWELFTH CLAIM FOR RELIEF**

22  *Unfair Business Practices*

23  126.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 125 as

24  though fully set forth herein.

25  127.  California Business and Professions Code § 17200, *et seq*. prohibits unlawful, unfair,

26  and fraudulent business practices.

27  128.  Defendant Excel has committed unlawful and unfair business practices including, but

28

1  not limited to, discriminating against Plaintiff on the basis of sex and pregnancy; failing to

2  reinstate Plaintiff following pregnancy-related leave in violation of state law; failing to pay

3  Plaintiff mandatory overtime and double-time pay; failing to provide Plaintiff with mandated

4  meal and rest periods; and violating California's public policy.

5  129.  As a proximate result of the unlawful and unfair business practices of Defendant,

6  Defendant has profited at Plaintiff's expense, and Plaintiff has suffered injury in fact and lost

7  money.

8  130.  Plaintiff is entitled to injunctive relief against Defendant, restitution, and attorneys'

9  fees and costs.

**THIRTEENTH CLAIM FOR RELIEF**

*Breach of Written Contract*

12  131.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 130 as

13  though fully set forth herein.

14  132.  Plaintiff and Defendant Excel are parties to a written contract executed on December

15  29, 2009 that expressly granted Plaintiff pregnancy-related leave from January 31, 2010 to

16  March 14, 2010, with a return to part-time work at fifty percent salary on March 15, 2010 and a

17  return to full-time work at full salary on May 2, 2010.

18  133.  As a result of this contract, Plaintiff understood that she would be reinstated to her job

19  following her pregnancy-related leave.  Plaintiff relied upon this promise when she took leave.

20  134.  Defendant Excel breached that contract by refusing to allow Plaintiff to return to work

21  on March 15, 2010 or any time thereafter.  Rather than reinstating Plaintiff according to the

22  terms of the contract, Defendant terminated her on March 31, 2010.

23  135.  Plaintiff is entitled to damages for Defendant's breach of this contract for which

24  pecuniary compensation will afford adequate and complete relief, including the requirement that

25  Defendant pay Plaintiff lost wages.

26  //

27  //

28

## FOURTEENTH CLAIM FOR RELIEF

### *Breach of Covenant of Good Faith and Fair Dealing*

136.   Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 135 as though fully set forth herein.

137.   Defendant Excel expressly promised in writing that Plaintiff could take pregnancy-related leave from January 31, 2010 to March 14, 2010, with a return to part-time work at fifty percent salary on March 15, 2010 and a return to full-time work at full salary on May 2, 2010.

138.   As a result of this promise, Plaintiff understood that she would be reinstated to her job following her pregnancy-related leave, in accordance with her legal rights.  Plaintiff relied upon this promise when she took leave.

139.   Defendant Excel breached the covenant of good faith and fair dealing by denying Plaintiff the benefits of the written agreement when it refused to allow Plaintiff to return to work from pregnancy-related leave on March 15, 2010 or any time thereafter.  Rather than reinstating Plaintiff according to the terms of the written agreement, Defendant terminated her on March 31, 2010.

140.   Plaintiff is entitled to damages for Defendant's breach of the covenant of good faith and fair dealing for which pecuniary compensation will afford adequate and complete relief, including the requirement that Defendant pay Plaintiff lost wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1.      Enter a declaratory judgment that the practices complained of in this complaint are unlawful and violate Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act, the Fair Labor Standards Act, the California Fair Employment and Housing Act, the California Labor Code, and the California Business and Professions Code;

2.      Grant all injunctive relief necessary to bring Defendant into compliance with the aforementioned laws;

3.    Order Defendant to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendant's unlawful acts, in an amount to be proven at trial;

4.    Order Defendant to pay an additional amounts as liquidated damages pursuant to 29 U.S.C. § 216(b), in an amount to be proven at trial;

5.    Order Defendant to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

6.    Order Defendant to pay exemplary and punitive damages;

7.    Order Defendant to pay unpaid wages, overtime premiums, meal and rest period wages, waiting time penalties, and interest on wages owed pursuant to the California Labor Code;

8.    Order Defendant to pay attorneys' fees and costs of the action;

9.    Order Defendant to pay interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest; and

10.    Grant any further relief that the Court deems just and proper.


**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.


Date:    September 16, 2010          Respectfully submitted,

                                     Christopher Ho
                                     Lori Rifkin
                                     Silas Shawver

                                     The LEGAL AID SOCIETY --
                                     EMPLOYMENT LAW CENTER


                        By:    _____

                                     LORI RIFKIN
                                     Attorneys for Plaintiff

Complaint for Damages and Declaratory and Injunctive Relief